Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel II

| | | |
|---|---|---|
| SUNNOVA ENERGY CORPORATION<br>Apelante<br><br>v.<br><br>EDGARDO J. SILVA JIMÉNEZ<br>Apelado | KLAN202400191 | Apelación procedente del Tribunal de Primera Instancia Sala de Carolina<br><br>Caso Núm. TJ2022CV00424<br><br>Sobre:<br>Cobro de Dinero |

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

Adames Soto, Juez Ponente

## **SENTENCIA**

En San Juan, Puerto Rico, a 20 de marzo de 2024.

Comparece Sunnova Energy Corporation (Sunnova o apelante), solicitando la revocación de una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI), el 19 de diciembre de 2023.[1] Mediante dicho dictamen el foro primario acogió una *Moción de Sentencia Sumaria* presentada por la parte demandada y reconveniente, Edgardo J. Silva, (el señor Silva Jiménez o apelado)*,* ordenando la desestimación de la demanda sobre cobro de dinero instada por Sunnova, y declarando *Ha Lugar* la reconvención.

A pesar de que Sunnova ha esgrimido un señalamiento de error sobre los méritos del dictamen apelado, antes de considerarlo se nos impone verificar nuestra jurisdicción para actuar sobre tal asunto sustantivo. Según se sabe, las controversias jurisdiccionales cobran primacía sobre cualesquiera otros. *Mun. de San Sebastián v. QMC,* 190 DPR 652, 659 (2014).

---

[1] Notificada el 20 de diciembre de 2023.

NÚMERO IDENTIFICADOR

SEN2024_____

## I. Resumen del tracto procesal

El 12 de septiembre de 2022, Sunnova instó una *Demanda en Cobro de Dinero al Amparo de la Regla 60 de Procedimiento Civil* en contra del señor Edgardo J. Silva Jiménez (señor Silva Jiménez o apelado). En esencia, alegó haber suscrito un contrato con el apelado para la compra de un sistema de paneles solares. En virtud del referido contrato, sostuvo que el señor Silva Jiménez tenía la responsabilidad de realizar pagos mensuales para satisfacer la deuda contraída, pero los había incumplido. Por tanto, solicitó el pago de lo debido, $5,813.03.

En respuesta, el 18 de noviembre de 2022, el señor Silva Jiménez presentó *Contestación a la Demanda* y *Reconvención.* Esgrimió que el sistema instalado por Sunnova no funcionó por varios meses, lo que ocasionó que la Autoridad de Energía Eléctrica (AEE) le enviara facturas por el servicio de energía eléctrica. Arguyó que, por ello, le solicitó al apelante en más de una ocasión que descontinuara sus cobros, para poder pagarle así a la AEE. Adujo que, no obstante lo descrito, Sunnova incumplió con las obligaciones suscritas en el contrato, lo que daba lugar a su resolución, más el abono de los daños y perjuicios causados por dicho incumplimiento.

El 21 de noviembre de 2022, Sunnova presentó *Réplica a Reconvención.* Afirmó haber cumplido con sus obligaciones y adujo que el señor Silva Jiménez presentó la reconvención conociendo que le adeudaba las sumas reclamadas.

Luego de varios trámites procesales, el 30 de octubre de 2023, el señor Silva Jiménez presentó una *Moción de Sentencia Sumaria.* En síntesis, sostuvo que Sunnova incumplió con los requisitos establecidos en la *Ley de Transformación y ALIVIO Energético,* Ley 57-2014, 22 LPRA sec 1051, *et seq.* y el *Reglamento sobre el Procedimiento para la Revisión de Facturas y Suspensión del Servicio Eléctrico por Falta de Pago, Reglamento 8863,* sobre el contenido que deben tener las facturas que le

envían a sus clientes. Por ello, arguyó que el apelante no tenía una reclamación de cobro de dinero que justificara la concesión de un remedio, puesto que la deuda reclamada no era exigible y tampoco estaba vencida, al no haber cumplido con las exigencias de ley. Además, esgrimió que el contrato no era válido, pues no había prestado su consentimiento. En la alternativa, planteó que el contrato adolecía de nulidad o fue resuelto ante el incumplimiento de Sunnova con las obligaciones acordadas.

Ante lo cual, el 21 de noviembre de 2023, Sunnova presentó *Oposición a Solicitud de Sentencia Sumaria.* Aseveró que: (1) el equipo fue instalado e interconectado al sistema eléctrico de la AEE con el consentimiento del apelado; (2) ha dado el mantenimiento adecuado al sistema; (3) el contrato firmado entre las partes tenía un término de siete días para rescindir el mismo; (4) le envió facturas mensuales al señor Silva Jiménez y éste nunca impugnó ni solicitó la revisión de ninguna; y (5) si el apelado consume toda la energía producida por las placas solares y continúa utilizando el servicio de la AEE, no puede imputar como incumplimiento de Sunnova las gestiones de cobro de la AEE.

Como adelantamos, el 19 de diciembre de 2023, el TPI emitió *Sentencia* declarando *Ha Lugar* la *Moción de Sentencia Sumaria* presentada por el apelado, por tanto, desestimó la demanda instada por Sunnova, y acogió la reconvención presentada por el primero.

Inconforme, el 4 de enero de 2024, el apelante presentó *Moción de Reconsideración,* la cual fue declarada *No ha lugar* el 30 de enero de 2024.

Aun en desacuerdo, el 29 de febrero de 2024, Sunnova presentó el recurso de apelación que está ante nuestra consideración, señalando el siguiente error:

> Erró de forma manifiesta el Honorable Tribunal de Primera Instancia al declarar Con Lugar la Solicitud de Sentencia Sumaria y Reconvención presentadas por la parte

Demandada-Apelada, declarando No Ha Lugar la Demanda presentada por la parte Demandante-Apelante y declarando nulo el contrato firmado entre las parte[s], tras determinar que el Demandante-Apelante incumplió con lo acordado en el contrato de venta de energía.

Por su parte, el 5 de marzo de 2024, el señor Silva Jiménez compareció ante nosotros presentando una *Moción de desestimación.* En lo pertinente, adujo que el recurso de apelación se le notificó después del término reglamentario dispuesto para ello, y sin justa causa para la dilación, en incumplimiento con la Regla 13(B)(1) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R.13 (B).

A tenor, al día siguiente emitimos *Resolución* concediéndole un término de cinco días a Sunnova para que mostrara causa por la cual no debíamos desestimar el recurso presentado, según solicitado.

A raíz de la referida *Resolución,* Sunnova presentó *Moción en cumplimiento de orden.* En esencia, el representante legal de la apelante admitió no haber notificado al apelado del recurso presentado dentro del término reglamentario pertinente. Al elaborar sobre una posible justa causa para tal dilación, explicó que su madre falleció el 6 de enero de 2024, y el funeral se llevó a cabo el 26 de enero de 2024. Argumentó que, a partir de ello, ha trabajado incansablemente para cumplir con sus obligaciones profesionales, mientras atiende los asuntos relacionados a la crisis familiar causada por la inesperada muerte de su madre. En cuanto a la notificación del recurso en específico, manifestó que "la poca confiabilidad y funcionamiento de los sistemas de internet no me permitieron digitalizar y enviar con prontitud el recurso para ser notificado junto a sus anejos, esta situación acabó llevándome a un límite emocional que me mantuvo inmóvil durante los días siguientes a la presentación".[2] En vista de lo cual, afirmó que el 4 de marzo de 2024, notificó personal y por correo electrónico el recurso con todos sus apéndices. En definitiva, nos solicitó que consideráramos lo descrito

---

[2] Moción en cumplimiento de orden, pág. 4.

como justa causa para la dilación de la notificación del recurso al apelado.

## II. Exposición de Derecho

a.

La *jurisdicción se ha definido como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. Allied Manegement Group, Inc. v. Oriental Bank,* 204 DPR 374, 385 (2020); *Yumac Home v. Empresas Massó, 194 DPR 96, (2015); Horizon Media v. Jta. Revisora, RA Holdings, 191 DPR 228, 233 (2014). Tanto los foros de instancia como los foros apelativos tienen el deber de, primeramente, analizar en todo caso si poseen jurisdicción para atender las controversias presentadas, puesto que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. Horizon Media v. Jta. Revisora, RA Holdings, supra; Shell Chemical v. Srio. Hacienda, 187 DPR 109, 122-123 (2012). Ello responde a que las cuestiones jurisdiccionales son materia privilegiada y deben resolverse con preferencia a los demás asuntos. Mun. San Sebastián v. QMC, 190 DPR 652, 659 (2014). García v. Hormigonera Mayagüezana, 172 DPR 1, 7 (2007). Por tanto, si determinamos que no tenemos jurisdicción sobre un recurso o sobre una controversia determinada, debemos así declararlo y proceder a desestimarlo. Mun. San Sebastián v. QMC, supra. No tenemos discreción para asumir jurisdicción donde no la hay. Yumac Home Furniture, Inc. v. Caguas Lumber Yard, Inc., supra.*

b.

*Es norma conocida por toda la profesión legal en Puerto Rico que el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). En consecuencia, *las normas sobre el perfeccionamiento de los recursos apelativos deben ser observadas rigurosamente y su cumplimiento no*

*puede quedar al arbitrio de las partes o sus abogados. Pérez Soto v. Cantera Pérez, Inc.,* 188 DPR 98 (2013).

Estrechamente unido a lo anterior, *los requisitos de notificación son imperativos ya que colocan a la parte contraria en conocimiento del recurso que solicita la revisión de una decisión de un tribunal de menor jerarquía. Soto Pino v. Uno Radio Group, supra.* A esos efectos, la Regla 13 (B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.13 (B), se encarga de dictar el curso a seguir por la parte apelante con relación a **la notificación a las partes** del recurso apelativo que se presente, junto a sus apéndices. En específico, en lo relativo a la *Notificación a las partes* de la presentación del recurso de apelación, la Regla 13(B) determina sobre el momento en que se hará de la manera siguiente; *la parte apelante* ***notificará el recurso apelativo y sus apéndices dentro del término dispuesto para la presentación del recurso,*** *siendo éste* ***un término de cumplimiento estricto.*** (Énfasis provisto).

Se suma a ello la Regla 13(A) del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.13, que establece un término de treinta días, contados desde el archivo en autos de una copia de la notificación de la sentencia, para presentar el recurso de apelación. Así, vistas en conjunto las Reglas 13(a) y 13(B) citadas, la parte apelante **debe presentar la notificación del recurso de apelación a las partes, dentro del término de cumplimiento estricto de treinta días del que dispone para instar el recurso de apelación ante este Foro intermedio**.

c.

A diferencia de los términos jurisdiccionales, los términos de cumplimiento estricto no son fatales, por lo que se pueden extender **si se demuestra justa causa**. *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239 (2012). (Énfasis provisto). Es por ello que nuestro Tribunal Supremo ha determinado que, ante los términos de cumplimiento estricto, *los*

*tribunales no están atados al automatismo que conlleva un requisito de carácter jurisdiccional y pueden por lo tanto, proveer el remedio que estimen pertinente, extendiendo el término según las circunstancias. Íd.,* en la pág. 253; *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000).

A pesar de que los términos de cumplimiento estrictos no están atados a la rigidez de los términos jurisdiccionales, no significa que el Tribunal goza de amplia discreción para prorrogarlos. *Peerless Oil v. Hnos. Torres Pérez, supra.* De manera tajante el Tribunal Supremo ha determinado que la discreción de este foro apelativo para ejercer su facultad de prorrogar un término de cumplimiento estricto **está subordinada a la presentación de justa causa**, según esta ha sido sujeta a las siguientes condiciones:

> **(1) que en efecto exista justa causa para la dilación; (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación**; es decir, que la parte interesada **acredite de manera adecuada la justa causa aludida. En ausencia de alguna de estas dos (2) condiciones, los tribunales carecen de discreción para prorrogar términos de cumplimiento estricto.** (Énfasis provisto). *Rivera Marcucci v. Suiza Dairy,* 196 DPR 157, 171 (2016); *Soto Pino v. Uno Radio Group, supra* en la pág. 93; *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007); *Rojas v. Axtmayer, supra* en la pág. 565.

El Tribunal Supremo explicita que la parte que presenta de manera tardía un recurso al cual cobija un término de cumplimiento estricto, debe demostrar la existencia de justa causa, **con explicaciones concretas y particulares**, debidamente evidenciadas, **que le permitan al tribunal concluir que la tardanza o demora ocurrió por alguna circunstancia especial razonable**. *Soto Pino v. Uno Radio Group., supra,* en la pág. 93*; Lugo v. Suárez,* 165 DPR 729, 738-739 (2005). (Énfasis nuestro). No podrá acreditarse la existencia de una justa causa con excusas, vaguedades o planteamientos estereotipados. *Íd.* En consonancia, abunda el mismo alto foro*, [e]l que no cause perjuicio a otra parte no es determinante para la acreditación de la justa causa. Soto Pino v. Uno Radio Group, supra,* en la pág. 95.

Por tanto, en ausencia de justificaciones que demuestren justa causa, el tribunal carece de discreción para prorrogar el término de cumplimiento estricto. *Peerless Oil v. Hnos. Torres Pérez, supra.*

d.

Finalmente, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, establece las circunstancias en que este foro intermedio puede desestimar un recurso presentado. En lo que resulta pertinente al caso ante nuestra consideración, establece:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> 1. que el Tribunal de Apelaciones carece de jurisdicción**;**
> **2. que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;**
> 3. que no se ha presentado o proseguido con diligencia o de buena fe;
> 4. que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o
> 5. que el recurso se ha convertido en académico.
> *Íd.*

(Énfasis nuestro).

## III. Aplicación del Derecho a los hechos

Reiteramos que estamos obligados a verificar si ostentamos jurisdicción para atender el recurso presentado, pues es un asunto que prima sobre cualquier otro.

a.

Según señalamos en el tracto procesal, aunque la *Sentencia* apelada fue notificada a las partes el 20 de diciembre 2023, el término para recurrir ante nosotros se vio interrumpido por la oportuna presentación de una *Moción de Reconsideración* de Sunnova, el 4 de enero de 2024.

El TPI notificó a las partes la denegatoria de dicha *Moción de Reconsideración* el 30 de enero de 2024, fecha esta que marcó el inicio del término de treinta días para acudir ante nosotros mediante recurso

de apelación. Regla 52.2(a) de Procedimiento Civil, supra, y Regla 13(A) de nuestro Reglamento, supra. Por tanto, Sunnova contaba con un término jurisdiccional de treinta días para presentar el recurso de apelación ante este Foro intermedio, es decir, hasta el 29 de febrero de 2024. Además, por virtud de la Regla 13(B) de nuestro Reglamento, ya citada, **dentro de ese mismo término de treinta días, tenía que notificar al señor Silva Jiménez del recurso de apelación instado**. En este sentido, la parte apelante tenía que notificar al señor Silva Jiménez del recurso de apelación el 29 de febrero de 2024.

No hay controversia de que Sunnova presentó ante nosotros el recurso de apelación el 29 de febrero de 2024, es decir, de manera oportuna, dentro del término dispuesto por ley. Sin embargo, tampoco hay controversia de que la notificación del recurso de apelación al señor Silva Jiménez ocurrió el 4 de marzo de 2024, por tanto, fuera del término de treinta días que manda la Regla 13(B) de nuestro Reglamento, supra. Reiteramos, la notificación a las partes del recurso de apelación debe acontecer dentro del mismo término de treinta días para presentar el recurso ante este Foto intermedio, pero en este caso no se hizo. Claro, la notificación del recurso de apelación a las partes es un término de cumplimiento estricto, lo que nos compele a dilucidar si medió alguna justa causa que permitiera prorrogarlo.

b.

Requerido al apelante para que se expresara sobre la dilación en la notificación del recurso de apelación a la parte apelada, este admitió dicho retraso, pero arguyó sobre la presunta existencia de justa causa para su dilación. En específico, la representación legal de Sunnova informó que el 6 de enero de 2024, su madre falleció de forma inesperada y, ante tan lamentable suceso, trató de cumplir cabalmente con sus responsabilidades profesionales. Sobre lo mismo, adujo que, durante el proceso de presentar el recurso que está ante nosotros, trabajó

incansablemente para cumplir con sus términos, a la misma vez que atendía los asuntos relacionados a la crisis familiar resultantes del deceso de su madre. Además, aseveró que, luego de haber presentado el recurso de apelación, *los sistemas de internet no [le] permitieron digitalizar y enviar con prontitud el recurso para ser notificado junto a sus anejos, esta situación acabó llevando[lo] a un límite emocional que [lo] mantuvo inmóvil durante los días siguientes a la presentación.*[3] De este modo, no fue hasta el 4 de marzo de 2024, que notificó el recurso con sus apéndices al apelado.

Conforme señalamos en la exposición de derecho, el término para notificar el recurso de apelación es de cumplimiento estricto. Este foro apelativo tiene la facultad para prorrogar un término de cumplimiento estricto **si se cumplen con las siguientes condiciones**: (1) en efecto exista justa causa y; (2) se demuestre detalladamente las bases razonables para la dilación. *Rivera Marcucci v. Suiza Dairy,* supra. De esta manera, la parte que incumple con un término de cumplimiento estricto, debe demostrar la existencia de justa causa con **explicaciones concretas y particulares, debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza o demora ocurrió por alguna circunstancia especial razonable.** *Soto Pino v. Uno Radio Group,* supra. (Énfasis nuestro). Por lo tanto, en ausencia de las condiciones antes mencionadas, carecemos de discreción para prorrogar términos de cumplimiento estricto. *Íd.*

Como ha quedado visto, el representante legal de Sunnova esgrime que la tardanza en la notificación se debió a que: (1) su madre falleció el 6 de enero de 2024 de forma inesperada y; (2) no pudo digitalizar el recurso con sus anejos, situación que lo llevó a un límite emocional que lo mantuvo inmóvil por días. Juzgamos que las razones alzadas por Sunnova no configuran la justa causa que vislumbra el Tribunal

---

[3] Moción en cumplimiento de orden, pág. 4.

Supremo a través de la jurisprudencia citada, como fundamento para admitir la dilación en la notificación del recurso de apelación.

Primero, sépase que en modo alguno juzgamos livianamente la pérdida de un ser querido de tan alta valía como lo es una madre, y las dificultades anímicas y espirituales que un suceso tal provoca en la cotidianidad de las personas que lo sufren. Sin embargo, no pasa inadvertido que el lamentable fallecimiento ocurrió el 6 de enero de 2024, pero el término para presentar el recurso de apelación vencía casi dos meses después, el 29 de febrero de ese mismo año. Es decir, no estamos ante un caso en que coincidiera o siquiera estuviera demasiado cerca el deceso y la fecha de la presentación del recurso, por tanto, el representante legal tuvo tiempo para hacer arreglos para instar el recurso a tiempo. En este sentido, no nos resulta razonable atribuir la dilación en la notificación del recurso al triste episodio aludido.

Sobre esto último, como cuestión de hecho, el representante legal de Sunnova sí pudo presentar el recurso de apelación en el término jurisdiccional correspondiente, el 29 de febrero de 2024, y certificó en dicho escrito que notificaría en la misma fecha copia exacta del recurso a las partes, pero no lo hizo. De aquí que resulte difícil conciliar que Sunnova estuviera en posición de presentar el recurso de apelación de manera oportuna, a pesar del fallecimiento aludido, pero a la vez admitir como justa causa para la dilación en la notificación del recurso a las partes el deceso.

Entonces, la segunda razón para tratar de justificar la dilación en la notificación, *no poder digitalizar el recurso con sus anejos, situación que lo llevó a un límite emocional que lo mantuvo inmóvil por días,* nos parece el tipo de *excusas, vaguedades o planteamientos estereotipados* de la cuales nos advierte el Tribunal Supremo que no constituyen justa causa para prorrogar el término para notificar el recurso de apelación a las partes. *Soto Pino v. Uno Radio Group, supra.* De nuevo, sin

menospreciar los ajustes afectivos que tienen que realizar los abogados en sus prácticas profesionales al confrontar pérdidas como la descrita, en este caso estamos desprovistos de elementos que nos muevan a relacionar el estado anímico alegado, como causa para *no poder digitalizar el recurso con sus anejos* y faltar al deber de notificar el recurso de apelación a las partes dentro del término correspondiente.

Habiendo sido enfático nuestro Tribunal Supremo al expresar que a este Tribunal de Apelaciones no se le ha reconocido discreción para dilatar o prorrogar el término de la notificación del recurso de apelación en ausencia de una causa justificada, *Soto Pino v. Uno Radio Group,* supra, estamos impedidos de hacerlo tan solo movidos por la pena. Por tanto, careciendo Sunnova de una justa causa para haberle notificado el recurso de apelación al señor Silva Jiménez de manera tardía, no podemos admitir tal dilación, viéndonos así privados de jurisdicción para atenderlo, por lo que solo corresponde su desestimación.

**IV. Parte dispositiva**

Por los fundamentos que anteceden, desestimamos el recurso de apelación presentado, por falta de jurisdicción.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones